J. Davis Duffield, for defendant.

CADWALADER, District Judge. A majority in number and value of those creditors of the bankrupt, whose debts were contracted after the 1st of January, 1869, having, in writing, assented to his discharge, he will be discharged from all provable debts, whether contracted before or after that date. The second clause of the thirty-third section of the original bankrupt act of 1867, applied only to subsequent bankruptcies. The reason was, that the sole purpose of the enactment was to prevent future overtrading. The amendatory enactments of the 22d of July, 1868, and 14th of July, 1870, extend the time as if the original enactment had, in this respect, been passed on 1st of January, 1869; but the policy of the original act and of the late enactments is the same. Their import is thus explained sufficiently.

HERTY (BAKER v.). See Case No. 771.
HERTY (BOYER v.). See Case No. 1,753.

## Case No. 6,431.

### HERTY'S CASE.

[Cited in Ex parte Burr, Case No. 2,186. Nowhere reported; opinion not now accessible.]

## Case No. 6,432.

### HERTZ et al. v. MAXWELL.

[3 Blatchf. 137.][1]

Circuit Court, S. D. New York. Dec., 1853.

CUSTOMS DUTIES—VALUATION OF APPRAISERS—PROTEST.

1. Where a protest against the imposition of duties after appraisal, protested "against the payment of 15 per cent. advance, and the penalty therefore accruing on velvets contained in the entries, because we are fully satisfied that they are fully invoiced by the manufacturers:" *Held*, that the price fixed by the appraisers was conclusive as to the dutiable value of the goods (Act Aug. 30, 1842; 5 Stat. 564, § 17), and that no evidence could be given against it.

[See Bailey v. Goodrich, Case No. 735.]

2. Requisites of a protest against the imposition of duties, stated.

This was an action [by Theodore Hertz and others] to recover back an excess of duties, and a penalty of 20 per cent., exacted by the defendant [Hugh Maxwell], as collector of the port of New York, on several importations of Westphalia velvets, in the year 1850. Protests were filed on various grounds, but, upon the argument of the cause, all the protests were abandoned except those "against the payment of 15 per cent. advance, and the penalty therefore accruing on velvets contained in the entries, because we are fully

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

satisfied that they are fully invoiced by the manufacturers."

Before NELSON, Circuit Justice, and BETTS, District Judge.

BETTS, District Judge. The case before the court is complicated by the accumulation of documents attached to it, and by testimony taken abroad on commission; and it appears to the court that facts are disclosed which, had they been made grounds of protest, might have entitled the plaintiffs to judgment—such as, that the plaintiffs were manufacturers of the goods, and did not procure them by purchase; and that the invoice was not raised on entry by the importer; and that the collector had not, under either the act of August 30, 1842 (5 Stat. 548), or the act of July 30, 1846 (9 Stat. 42), any authority to impose a penalty of 20 per cent., in addition to the duty on the appraised valuation of the goods.

Upon the specific point presented by the protest, we are of opinion that the price fixed by the appraisers is conclusive as to the dutiable value of the goods (section 17 of the act of August 30, 1842; 5 Stat. 564), and that the plaintiffs have no right to give evidence against it. If such right could be exercised, the exception taken to the protest, that it does not point out the particulars in which there was an overvaluation, comes within the principles repeatedly ruled on that head at the present and previous terms of this court. Judgment for defendant.

HERTZ (UNITED STATES v.). See Case No. 15,357.

## Case No. 6,433.

### In re HERTZOG.

[18 N. B. R. 526.][1]

District Court, S. D. New York. Dec. 7, 1878.

BANKRUPTCY—PROOF OF DEBT—STATUTE OF LIMITATIONS.

A debt against which the statute of limitations has run, but which is included in the debtor's schedules, is provable in bankruptcy.

[In bankruptcy. In the matter of Solomon Hertzog.]

J. H. Goodman, for opposing creditors.
G. Patzel, contra.

CHOATE, District Judge. This is a motion to expunge the proof of a debt against which the statute of limitations has run, but which was included in the debtor's schedules. The question whether such a debt is provable or not was determined in the affirmative by Judge Blatchford upon very careful consideration in the case of In re Ray [Case No. 11,589]. It is insisted by the learned coun-

1 [Reprinted by permission.]